**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-03088-REB-MEH

FRANCES McMILLAN,

    Plaintiff,

v.

SPECIALIZED LOAN SERVICING LLC,

    Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

*On October 31, 2019, the Court set the Scheduling Conference for January 7, 2020 at 10:15 AM in Courtroom A-501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado before Magistrate Judge Michael E. Hegarty.*

| | |
|---|---|
| Mohammed O. Badwan | Matthew A. Morr |
| Joseph S. Davidson | Chad P. Jimenez |
| SULAIMAN LAW GROUP, LTD. | BALLARD SPAHR LLP |
| 2500 South Highland Avenue | 1225 Seventeenth Street |
| Suite 200 | Suite 2300 |
| Lombard, Illinois 60148 | Denver, Colorado 80202 |
| +1 630-575-8181 | +1 303-454-0546 |
| mbadwan@suliamanlaw.com | morrm@ballardspahr.com |
| jdavidson@suliamanlaw.com | jimenezc@ballardspahr.com |
| | |
| *Counsel for Frances McMillan* | *Counsel for Specialized Loan Servicing LLC* |

**2. STATEMENT OF JURISDICTION**

*The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.*

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.   *Plaintiff(s)*:  *On October 29, 2019, Plaintiff filed this case against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692 et seq..  Specifically, Plaintiff alleges Defendant violated 15 U.S.C. § 1692e(8) by communicating to credit reporting agencies credit information which is known or which should be known to be false in light of Plaintiff's Chapter 13 bankruptcy discharge.*

b.   *Defendant*:  *SLS denies that it has any liability to Plaintiff.  Plaintiff's theory appears to be that her Chapter 13 bankruptcy discharge rendered the information in her credit reports inaccurate, and that SLS used this inaccurate information to collect on her loan.  Under the FDCPA, SLS is not liable because it properly reported the status of the loan to the credit reporting agencies and did not use the credit reports in an attempt to collect the loan.*

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.  Plaintiff is an adult individual.

2.  Specialized Loan Servicing LLC is a business entity with an address of 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado 80129.

### 5.  COMPUTATION OF DAMAGES

a.   *Plaintiff: As a result of Defendant's violation(s) of 15 U.S.C. § 1692e(8), Plaintiff is seeking (i) any actual damage, (ii) such additional damages as the court may allow, but not exceeding $1,000.00, and (iii) the costs of the action, together with reasonable attorney's fees as determined by the court.*

b.  _Defendant_: SLS is not seeking any damages but reserves the right to seek attorneys' fees and costs at the appropriate time.

## 6.  REPORT OF PRECONFERENCE
## DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting.

_December 17, 2019._

b.  Names of each participant and party he/she represented.

Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

_Counsel for Frances McMillan_

Chad P. Jimenez
BALLARD SPAHR LLP
1225 Seventeenth Street
Suite 2300
Denver, Colorado 80202
+1 303-454-0546
jimenezc@ballardspahr.com

_Counsel for Specialized Loan Servicing LLC_

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

_Rule 26(a)(1) disclosures will be made on or before January 10, 2020._

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

_None._

e.  Statement concerning any agreements to conduct informal discovery:

_None._

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

_Plaintiff and Defendant agree that this case will not require extensive discovery.  The parties will use sequential numeric exhibit designations for all depositions taken in this case._

3

g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

*The parties **do not** anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  The parties have agreed, where practicable, to produce any ESI in searchable .pdf format, and to confer in good faith with regard to the need for any additional formatting, pursuant to Fed.R.Civ.P. 34*

h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

*None.*

## 7.  CONSENT

All parties **HAVE NOT CONSENTED** to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

*Two (2) depositions each.*

b.   Limitations which any party proposes on the length of depositions.

*Seven (7) hours each.*

c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.

*Twenty-five (25) each.*

4

d.      Other Planning or Discovery Orders

*No opposed discovery motions are to be filed with the Court until the parties comply*

*with D.C.COLO.LCivR. 7.1(a).  If the parties are unable to reach agreement on a*

*discovery issue after conferring, they shall arrange a telephone hearing with*

*Magistrate Judge Hegarty regarding the issue.  Both of these steps must be*

*completed before any contested discovery motions are filed with the Court.*

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

*April 7, 2020.*

b.      Discovery Cut-off:

*September 7, 2020*

c.      Dispositive Motion Deadline:

*October 7, 2020.*

d.      Expert Witness Disclosure

The parties shall identify anticipated fields of expert testimony, if any on or before May 7, 2020.

2.      Limitations which the parties propose on the use or number of expert witnesses.

Two (2) Rule 26(2)(B) expert witnesses per side.

3.      The parties shall designate all experts and provide opposing counsel and any pro

se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before *June*

*4, 2020.*

4.      The parties shall designate all rebuttal experts and provide opposing counsel and

any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

*July 2, 2020.*

e.      Identification of Persons to Be Deposed:

*Plaintiff, Frances McMillan*

*Defendant, Specialized Loan Servicing LLC's Fed. R. Civ. P. 30(b)(6) corporate representative*

SLS may take the deposition of any other witnesses identified in Plaintiff's initial disclosures.

f.      Deadline for Interrogatories:

*May 7, 2020.*

g.      Deadline for Requests for Production of Documents and/or Admissions

*May 7, 2020.*

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:

_____

b.      A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

*SLS is moving shortly after the submission of this proposed to Scheduling Order, to transfer this lawsuit to the United States District Court for the District of Arizona 28 U.S.C. § 1404(a). The same day SLS filed its Motion to Dismiss, Plaintiff*

6

*Frances McMillan's husband Kenneth McMillan, who resides in Tucson, Arizona*

*with Ms. McMillan, filed a substantially similar claim against SLS for allegedly*

*violating 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA")*

*for both reporting and failing to report information to Equifax, Experian, and Trans*

*Union (the "CRAs").  The McMillans' claims are substantially similar and relate to*

*the same mortgage and to credit reporting.*

b.    Anticipated length of trial and whether trial is to the court or jury.

*2 to 3 days.  Trial is to jury.*

c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or

economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado

Springs, Colorado 80903-3476; Wayne Aspinall U.S.  Courthouse/Federal Building, 402

Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal

Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

*None at this time.*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures

or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local rule.

7

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Joseph S. Davidson*                              */s/ Chad P. Jimenez*

Mohammed O. Badwan                       Matthew A. Morr
Joseph S. Davidson                              Chad P. Jimenez
SULAIMAN LAW GROUP, LTD.            BALLARD SPAHR LLP
2500 South Highland Avenue             1225 Seventeenth Street
Suite 200                                              Suite 2300
Lombard, Illinois 60148                        Denver, Colorado 80202
+1 630-575-8181                                  +1 303-454-0546
mbadwan@suliamanlaw.com              morrm@ballardspahr.com
jdavidson@suliamanlaw.com              jimenezc@ballardspahr.com

*Counsel for Frances McMillan*              *Counsel for Specialized Loan Servicing LLC*

8