**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 1:19-cv-03088-REB-MEH

FRANCES MCMILLAN, an individual,

    Plaintiff,

v.

SPECIALIZED LOAN SERVICING LLC, a Colorado limited liability company,

    Defendant.

**DEFENDANT'S MOTION TO TRANSFER TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

Pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 1, Specialized Loan Servicing LLC ("SLS") moves to transfer this lawsuit to the United States District Court for the District of Arizona because Plaintiff Frances McMillan's husband Kenneth McMillan, who resides in Tucson, Arizona with Ms. McMillan, filed a substantially similar claim against SLS based on alleged credit reporting issues.[1]

In the Colorado case, Ms. McMillan asserts that SLS allegedly violated the FDCPA based on its reporting to the Credit Reporting Agencies ("CRAs") of the loan balance, monthly payment, and loan status on the McMillans' mortgage in light of their bankruptcy and agreement to surrender the property. [See ECF Doc. 13 (Ms. McMillan's First Amended Complaint)]. In the Arizona case, Mr. McMillan similarly asserts that SLS allegedly violated the FDCPA based on its reporting to the CRAs of the

---

[1] Mr. McMillan filed the Arizona action on the same day SLS filed its motion to dismiss in this case. Mr. McMillan and Mrs. McMillan are represented by the same counsel.

loan balance, monthly payment, and loan status on the McMillans' same mortgage, again, in light of their bankruptcy and agreement to surrender the property. [SLS attaches as Exhibit A, a true and correct copy of Mr. McMillan's Arizona Complaint].

The McMillans' assertions about allegedly improper credit reporting are similar in both actions. [Ms. McMillan's First Amended Complaint ¶¶ 21-27; Mr. McMillan's Complaint (Ex. A) ¶¶ 30-35]. The only material difference is that Mr. McMillan sent a dispute to the CRAs, while Ms. McMillan did not. Indeed, the two complaints share nearly identical allegations. The McMillans' claims are both related to a mortgage they executed on January 11, 2008 (the "Mortgage") securing the purchase of their personal residence located at 3045 Hedgerow Lane, Homewood, Illinois 60430 (the "Property"). [Ms. McMillan's First Amended Complaint ¶¶ 10-11; Mr. McMillan's Complaint (Ex. A) ¶¶ 20-21]. "The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $204,000.00 (the 'Loan')." [Ms. McMillan's First Amended Complaint ¶ 12; Mr. McMillan's Complaint ¶ 22]. In addition, both cases involve the same Chapter 13 bankruptcy jointly filed by the McMillans and their agreement to surrender the property. [Ms. McMillan's Amended Complaint ¶¶ 14-18; Mr. McMillan's Complaint ¶¶ 24-28].

Given these similarities, Rule 1 and judicial efficiency call for these actions to proceed in the same forum (and ultimately be consolidated) to encourage the "just, speedy, and inexpensive determination" of these interrelated disputes and to avoid forcing SLS to expend resources to litigate the same facts twice.

<u>D.C.COLO.LCivR 7.1 Certificate of Conferral</u>.  Undersigned counsel conferred with counsel for Plaintiff, Joseph Davidson, and Mr. Davidson stated that Plaintiff opposes the relief requested in this motion.

## I.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a) a district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it may have been brought."  A district court has discretion to grant a motion to change venue, <u>See Bailey v. Union Pac. R.R.</u>, 364 F. Supp. 2d 1227, 1229 (D. Colo. 2005), and, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case, consideration of convenience and fairness.'"  <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988) (quoting <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 622 (1964)).  "A district court is vested with considerable discretion in determining whether transfer is appropriate."  <u>Keymark Enters., LLC v. Eagle Metal Prods.</u>, No. 08-cv-00662-REB-MEH, 2008 U.S. Dist. LEXIS 87843, at *6 (D. Colo. Oct. 30, 2008).

A non-exhaustive list of factors a district court should consider are: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof; (3) the cost of making the necessary proof; (4) whether the judgment would be enforceable if obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflicts of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other practical considerations making

a trial easy, expeditious, and economical. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). The movant bears the burden of establishing the current forum is inconvenient. Id. at 1515.

## II.     THE APPLICABLE FACTORS WEIGH IN FAVOR OF TRANSFER

None of the factors counsel against transferring the case to Arizona and the following four factors weigh in favor of transferring: (1) choice of forum; (2) accessibility of witnesses and other sources of proof; (3) the cost of making the necessary proof; and (4) all other practical considerations making a trial easy, expeditious, and economical.

First, Ms. McMillan resides in Arizona. She brought her claims in Colorado because that is where SLS is located. Because Ms. McMillan is not a Colorado resident and her husband filed a claim against SLS in Arizona (with their Illinois lawyer), her choice of forum should not be given any weight and the Court should note her husband's choice of forum for practically the same dispute. See Bailey, 364 F.Supp.2d at 1230; see also In re Choice Hotels, Inc. Sec. Litig., No. 07-cv-00734-REB-BNB, 2008 U.S. Dist. LEXIS 122912, at *5 (D. Colo. Mar. 24, 2008) (noting that the plaintiffs' choice of forum was entitled to minimal deference because they were not residents of Colorado). Mr. McMillan's Arizona complaint confirms this point because the basis for venue is that "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Arizona. [See Mr. McMillan's Complaint ¶ 3].

Second, the accessibility of witnesses and sources of proof support transferring this case. Two of the key witnesses reside in Arizona, Ms. McMillan and Mr. McMillan, and any documents they have are presumably in Arizona as well. To the extent Arizona

4

would be less convenient for SLS because it does not reside in Arizona, it will already be producing witnesses and documents in Mr. McMillan's Arizona case and will file a motion to consolidate the McMillans' cases if the Court grants this motion to transfer. Additionally, the CRAs will likely present witnesses and produce documents in the Arizona case that will also be relevant to Ms. McMillan's case.  Rather than force the CRAs to appear as third party witness and produce documents in Colorado, the CRAs are already parties to Mr. McMillan's Arizona case and it would be less burdensome for these potential third party witnesses to appear and produce documents in Arizona.  In short, all of the witnesses either reside in Arizona or will likely appear in Mr. McMillan's Arizona case and many, if not all of the documents, can be found in Arizona or will likely be produced in Mr. McMillan's case, therefore, witnesses and other proof are more accessible in Arizona.

      Third, the cost of making the necessary proof in Ms. McMillan's case will be substantially reduced by transferring the case to Arizona.  To begin, the reduction in cost benefits Ms. McMillan because she will be able to appear in any proceeding in Arizona, where she resides, as opposed to Colorado.  Next, SLS will already be defending Mr. McMillan's Arizona case.  This reduction in cost is evidenced by the fact that Mr. McMillan brought a substantially similar claim against SLS for its alleged violation of 15 U.S.C. § 1692e(8) of the FDCPA involving questions of law and fact presented in Ms. McMillan's case.  At the very least SLS will be able to coordinate the production of documents, transportation of witnesses, and appearances for hearings between the 2 cases if they are both in Arizona.  If the district court in Arizona grants

SLS's anticipated motion to consolidate, SLS as well as the McMillans will benefit from litigating these claims before one court.

Finally, when viewing the totality of the factors discussed above it becomes clear that litigating this case in Arizona will make trial easier, more expeditious, and cheaper. A key question in both cases is whether SLS properly reported the McMillans' loan to the CRAs. If this dispute is before two different courts in Arizona and Colorado, there is a greater danger that there could be inconsistent rulings. Furthermore, from a practical standpoint, it makes little sense for SLS to litigate in two different states actions involving a husband and wife, the same Property, the same Mortgage, a jointly filed bankruptcy, the same credit reporting, and many of the same underlying facts. Not only will litigating in Arizona allow SLS and the McMillans to litigate these cases in the same district court, it is also the only way SLS can file a subsequent motion to consolidate the cases, thus, reducing the overall burden on the judiciary and the parties to this litigation.

## CONCLUSION

WHEREFORE, Defendant Specialized Loan Servicing LLC, requests that this Court enter an Order transferring this case to the United States District Court for the District of Arizona and providing for such other and further relief as this Court deems just and proper.

DATED:  December 30, 2019   Respectfully submitted,

*/s/ Chad P. Jimenez*
Matthew A. Morr, #35913
Chad P. Jimenez, #45136
**BALLARD SPAHR LLP**
1225 Seventeenth Street, Suite 2300
Denver, Colorado  80202
Telephone: 303-292-2400
Facsimile: 303-296-3956
morrm@ballardspahr.com
jimenezc@ballardspahr.com

*Attorneys for Defendant*
*Specialized Loan Servicing LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I filed the foregoing **DEFENDANT'S MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA** via the CM/ECF system to all counsel of record.

                                                   */s/  Brandon Blessing*