**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.:  1:19-cv-03088-REB-MEH

FRANCES MCMILLAN, an individual,

    Plaintiff,

v.

SPECIALIZED LOAN SERVICING LLC, a Colorado limited liability company,

    Defendant.

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Specialized Loan Servicing LLC ("SLS") moves to dismiss Plaintiff Frances McMillan's ("McMillan") claim for failure to state a claim upon which relief can be granted.

<u>D.C.COLO.LCivR 7.1 Certificate of Conferral</u>. Undersigned counsel conferred with counsel for Plaintiff, Joseph Davidson, and Mr. Davidson stated that Plaintiff opposes the relief requested in this motion.

### I.    INTRODUCTION

McMillan's First Amended Complaint brings one claim against SLS for allegedly violating 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act, ("FDCPA") for both reporting and failing to report information to Equifax, Experian, and Trans Union (the "CRAs"). McMillan's theory is that SLS allegedly reported or failed to report the following information to the CRAs with respect to a $204,000 loan (the "Loan") secured by the property located at 3045 Hedgerow Lane, Homewood, Illinois 60430 (the

"Property"): (1) reporting the Loan balance as $264,320; (2) reporting the monthly Loan payments as $2,430; (3) reporting the Loan status as 120 days late; and (4) failing to report the Loan was discharged in bankruptcy. McMillan contends that the information SLS reported was allegedly inaccurate because she surrendered the Property and her personal liability with respect to the Loan was discharged in her bankruptcy case.

McMillan fails to state a claim under the FDCPA for one simple reason: McMillan has not alleged SLS took any action to obtain payment of the Loan. The reason McMillan fails to make any such allegation is undisputed – McMillan surrendered the property to the prior Loan holder, Wells Fargo Bank, N.A., in her bankruptcy and did not oppose the lift of the stay to allow the holder of the Loan to foreclose. Any foreclosure of SLS's interest would **not**, as a matter of law, constitute an attempt to collect the debt given that McMillan has surrendered and abandoned the Property. Thus, SLS was not making any attempt to collect from McMillan beyond what she expressly agreed to under the surrender of the Property and the Court order lifting the stay.

McMillan's allegations reference either SLS's alleged reporting or failing to report certain information to the CRAs as a violation of the FDCPA. But at no point does McMillan explain any efforts to collect the Loan and, in fact, all of McMillan's damages emphasize SLS's alleged "inaccurate reporting" and state that she "has been forced to file this case to compel Defendant to report Plaintiff's Loan accurately."

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6) a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The Court must accept all factual

allegations pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Nonetheless, the court need not accept conclusory allegations lacking supporting factual averments. S. Disposal, Inc. v. Texas Waste Mgmt., 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.  ELEMENTS OF A CLAIM UNDER SECTION 1692e

McMillan must show the following 4 elements to establish a claim under FDCPA § 1692e: (1) that she is a "consumer" protected under the FDCPA; (2) that SLS was a "debt collector"; (3) that SLS was engaged in the "collection of [a] debt"; and (4) that SLS used false, deceptive, or misleading representations in connection with those collection efforts. See Vester v. Asset Acceptance, L.L.C., No. 08-cv-01957-MSK-LTM, 2009 WL 2940218, 2009 U.S. Dist. LEXIS 81690, at *13 (D. Colo. Sept. 9, 2009); see also Maynard v. Bryan W. Cannon, P.C., 401 F. App'x 389, 393 (10th Cir. 2010) (noting that one element of a claim under the FDCPA is whether the defendant "attempted to collect a debt").

Section 1692e states, "A debt collector may not use false, deceptive, or misleading representation or means **in connection with the collection of any debt**." (emphasis added). Because the purpose of the FDCPA, in part, is to "eliminate abusive debt collection practices by debt collectors", § 1692(e), a plaintiff must prove that the

3

defendant "**is trying to collect a 'debt' from the plaintiff** in violation of some provision of the FDCPA." Obduskey v. Wells Fargo, 879 F.3d 1216, 1219 (10th Cir. 2018) (emphasis added), aff'd, 139 S. Ct. 1029 (2019); Tatten v. City & Cty. of Denver, No. 16-cv-01603-RBJ-NYW, 2017 U.S. Dist. LEXIS 66738, at *50 (D. Colo. Feb. 3, 2017) (dismissing FDCPA claim because plaintiff had not alleged defendant "took any action to obtain payment on the debt"). "[A] communication from a debt collector to a debtor is not covered by the FDCPA unless it is made 'in connection with the collection of any debt'". Maynard v, 401 F. App'x at 395 (quoting Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010)). "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Huffman v. BC Servs., 2017 U.S. Dist. LEXIS 89363, at *6 (D. Colo. June 9, 2017) (quoting Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987)).

### IV. MCMILLAN HAS NOT ALLEGED SLS ATTEMPTED TO COLLECT THE LOAN

Whether SLS engaged in the collection of the Loan hinges on whether SLS's reports to the CRAs were communications in connection with the collection of a debt. The Sixth, Seventh, and Eighth Circuits have all adopted the "animating purpose" test to determine whether a communication was made in connection with the collection of a debt. Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011); Gburek, 614 F.3d at 385 ("the [FDCPA] does not apply to *every* communication between a debt collector and a debtor"); McIvor v. Credit Control Servs., 773 F.3d 909, 914 (8th Cir. 2014). "[T]he animating purpose test provides that 'an animating purpose of the communication must be to induce payment by the debtor' in order to constitute a

communication in connection with the collection of a debt." Irvine v. I.C. Sys., 176 F.Supp.3d 1054, 1064 (D. Colo. 2016) (quoting Grden, 643 F.3d at 173 and stating that the court did not need to decide whether to apply the animating purpose test); but see Baker v. I.Q. Data Int'l, Inc., No. 14-cv-0114-WJM-MEH, 2015 U.S. Dist. LEXIS 56072, at *10 (D. Colo. Apr. 29, 2015) (stating that the 10th Circuit has not decided whether the "animating purpose" test applies and declining to apply that test).

Here, not only has McMillan not alleged a single communication between her and SLS, she has not alleged the reports SLS made to the CRAs had any purpose, much less the purpose of collecting the Loan. McMillan alleged as follows:

> 24. Plaintiff discovered Defendant falsely reported Plaintiff's Loan balance as "$264,320" to Equifax, Experian and Trans Union.
>
> 25. Plaintiff discovered Defendant falsely reported Plaintiff's Loan monthly payment as "$2,430" to Equifax, Experian and Trans Union.
>
> 26. Plaintiff discovered Defendant falsely reported Plaintiff's Loan status as "120 days late" to Equifax and Trans Union.
>
> 27. Finally, Plaintiff discovered Defendant failed to notate Plaintiff's Loan as discharged in bankruptcy to Equifax, Experian and/or Trans Union.

[First Amended Complaint, ¶¶ 24-27]. McMillan does not allege that SLS used the allegedly inaccurate reports in an attempt to collect the Loan or that SLS threatened to communicate inaccurate information to the CRAs in an attempt to persuade her to pay the Loan. Because there is no allegation that SLS's purpose in reporting the Loan was to induce payment by McMillan, SLS's reports to the CRAs could not violate § 1692(e).

5

Furthermore, if this Court decides not to apply the animating purpose test, the Court can dismiss McMillan's claim on the ground that she has alleged no purpose whatsoever, hence, the Court need not decide what test applies.

At all times, SLS was properly acting under the surrender of the Loan and the lifting of the stay to allow foreclosure on the Property. McMillan's issues with the accuracy of the credit reporting do not give rise to a claim under the FDCPA because SLS's reports were never an attempt to collect the Loan.

## **CONCLUSION**

WHEREFORE, Defendant Specialized Loan Servicing LLC, requests that this Court enter an Order dismissing Plaintiff's First Amended Complaint with prejudice and providing for such other and further relief as this Court deems just and proper. Plaintiff should not be permitted to amend her First Amended Complaint because she already amended her complaint after Defendant filed a similar motion to dismiss.

DATED:  January 16, 2020

Respectfully submitted,

*/s/ Chad P. Jimenez*
Matthew A. Morr, #35913
Chad P. Jimenez, #45136
**BALLARD SPAHR LLP**
1225 Seventeenth Street, Suite 2300
Denver, Colorado  80202
Telephone: 303-292-2400
Facsimile: 303-296-3956
morrm@ballardspahr.com
jimenezc@ballardspahr.com

*Attorneys for Defendant*
*Specialized Loan Servicing LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 16, 2020 I filed the foregoing **MOTION TO DISMISS** via the CM/ECF system to all counsel of record.

                                                                               */s/ Brandon Blessing*